UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1744-HEA |
| | ) | |
| CORIZON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of Missouri State prisoner Joseph Michael Devon Engel's motion for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.42. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $27.10, and an average monthly balance of $8.77. Accordingly, the Court will assess an initial partial filing fee of $5.42, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard

According to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Corizon, the Missouri Department of Corrections ("MDOC"), and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Plaintiff prepared the complaint using the Court's prisoner civil rights complaint form. Plaintiff repeatedly identifies himself as a sovereign citizen. He also indicates he is a civilly committed detainee, but review of publicly-available MDOC records shows he is actually a convicted and sentenced state prisoner.

In setting forth his statement of claim, plaintiff alleges the ERDCC is "allowing Corizon to refuse to treat" him, and "medical & MODOC" need to treat him. (ECF No. 1 at 3). He alleges his gallbladder is bad but "they" do nothing, even though he is a sovereign citizen. Plaintiff describes his injuries as "mental health, physical health, freedom, family, sourvin citiznship [*sic*], and exc. mind raping." *Id.* at 4. Plaintiff seeks monetary relief in the amount of "330 Trillion Dollars." *Id.* at 5. Although the complaint form directs plaintiff to explain why he believes he is entitled to recover such damages, he offers no explanation. He seeks no other form of relief.

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and its facilities, Corizon, and various State and Corizon officials identified using generic titles. The nature of those complaints is roughly the same as the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

While plaintiff believes he is entitled to trillions of dollars in monetary relief because he was wrongfully denied medical care, his allegations do not state a plausible Eighth Amendment claim. The Eighth Amendment requires that inmates be provided with adequate medical care. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.*

4

First, an inmate must show that he "suffered from an objectively serious medical need," and second, that the defendant knew of, and deliberately disregarded, that need. *Id.*

In the case at bar, plaintiff fails to allege facts showing that anyone who could be identified as a defendant knew of, and deliberately disregarded, a serious medical need. Instead, plaintiff offers only a "[t]hreadbare recital" of some elements of a cause of action, supported by his own conclusory statements, which is insufficient to state a plausible claim for relief. *Iqbal*, 550 U.S. at 678; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff prepared the complaint using this Court's prisoner civil rights complaint form. That form clearly explains the necessity of alleging facts in support of the claims, including a statement of what happened, when and where it happened, and what each named defendant did or failed to do to cause harm. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

Additionally, plaintiff appears to base his claim, at least in part, upon his belief that he is entitled to different treatment because he is a "sovereign citizen." Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and

recommending that sovereign citizen arguments "be rejected summarily, however they are presented").

The complaint suffers from other deficiencies. It fails to state a claim upon which relief may be granted against Corizon because it points to no policy, custom, or official action by Corizon that inflicted an actionable injury. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). The remaining defendants, the MDOC and the ERDCC, are not "persons" that can be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, claims against the MDOC and the ERDCC would be barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *see also Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). Plaintiff does not aver, nor is it apparent, that the State of Missouri has waived its Eleventh Amendment immunity or consented to suit, and congressional enactment of 42 U.S .C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340–345 (1979).

For all of the foregoing reasons, this action is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions plaintiff has recently filed in this Court against these defendants, and against various State officials and Corizon employees that plaintiff

typically identified using only generic titles. Plaintiff submitted the pleadings in bulk, and specified he intended each one to be docketed as an individual civil action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes it would be futile to direct him to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will also deny as moot plaintiff's motion to appoint counsel. Plaintiff is cautioned to avoid the practice of filing duplicative and meritless lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $5.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd  day of  March , 2021.

                                        HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE